IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY FITZSIMMONS, ET AL. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 15-3297 |
| AETNA, INC., ET AL. : | |

## MEMORANDUM

**SURRICK, J.**                                                                  **JANUARY 7, 2016**

Presently before the Court are Defendants Timothy Kelly's and Kelly and Associates' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 5), Defendant Aetna, Inc.'s Motion to Dismiss for failure to state a claim (ECF No. 6), Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 8), and Plaintiffs' Motion for Remand (ECF No. 9). For the following reasons, Plaintiffs' Motion for Remand will be granted, and the matter will be remanded to the Montgomery County, Pennsylvania Magisterial District Court. The remaining Motions will be dismissed as moot.

## I.    BACKGROUND

Plaintiffs Gregory and Kerri Fitzsimmons brought this action against Aetna, Inc. ("Aetna"), Timothy Kelly, and Kelly and Associates (the "Kelly Defendants") in the Montgomery County, Pennsylvania Magisterial District Court to recover damages related to uncovered medical services.[1] (Compl., Removal Pet. Ex. A, ECF No. 1.) On June 11, 2015, the Kelly Defendants filed a Petition for Removal with this Court.

---

[1] Defendant Aetna contends that it is not a proper party to this action because it is not responsible for the payment of medical claims. (Aetna Mot. to Dismiss Br. 1 n.1, ECF No. 6.) It asserts that it is the parent corporation of Aetna Health, Inc. and Aetna Life Insurance Company, which it believes are the proper parties to the law suit. (*Id.*) For purposes of this memorandum, the parent company and its subsidiaries will be referred to interchangeably as "Aetna."

A.    **Factual Background**

Plaintiffs are husband and wife. They both received health benefits through their employment prior to their marriage. (Pls.' Leave Mem. 1, ECF No. 9; Aetna Mot. to Dismiss Br. 2.) Plaintiff Kerri Fitzsimmons received her health benefits through the West Philadelphia Achievement Charter Elementary School under the terms of a plan issued by Aetna (the "WPACES Plan"). (Aetna Mot. to Dismiss Br. 2.) It is alleged that the Kelly Defendants brokered the WPACES Plan agreement between WPACES and Aetna as insurance agents. (Proposed Am. Compl. ¶ 20, Pls.' Leave Mem. Ex. A.) Plaintiff Gregory Fitzsimmons received his health benefits through a Johnson & Johnson self-funded plan (the "J&J Plan") administered by Aetna. (Aetna Mot. to Dismiss Br. 2.)

In June or July 2012, around the time of their marriage, Plaintiffs decided to consolidate their healthcare by adding Ms. Fitzsimmons to the J&J Plan. (Pls.' Leave Mem. 1-2; Aetna Mot. to Dismiss Br. 2.) Kerri Fitzsimmons subsequently notified WPACES to remove her from its policy. (Pls.' Leave Mem. 1; Aetna Mot. to Dismiss Br. 2.) Thereafter, Plaintiffs had a child and Ms. Fitzsimmons underwent medical procedures that were processed by Aetna. (Pls.' Leave Mem. 2.)

At some point later in 2012, Plaintiffs received bills for medical services. They believe that the bills were not covered by the J&J Plan because one of the Defendants failed to communicate and/or process Ms. Fitzsimmons' request to terminate her WPACES Plan coverage. (*Id.*) Plaintiffs surmise one of the following probably occurred:

> a) WPACES failed to inform its agent, the Kelly Defendants, that Mrs. Fitzsimmons had been removed from its policy; b) WPACES informed the Kelly Defendants that Mrs. Fitzsimmons had been removed from its policy, but the Kelly Defendants failed to advise Aetna of the change; or, [c]) WPACES informed the Kelly Defendants that Mrs. Fitzsimmons had been removed from its

policy, the Kelly Defendants advised Aetna of the change, but Aetna failed to incorporate those changes in the system.

(*Id.*) Plaintiffs believe that discovery will reveal the party responsible for the clerical error. (*See id.* 3.)

### B. Procedural History

On March 4, 2015, Plaintiffs filed a Complaint in Montgomery County, Pennsylvania Magisterial District Court against Defendants. (Compl., Removal Pet. Ex. A.) On June 11, 2015, the Kelly Defendants filed a Petition for Removal to this Court. (Removal Pet.) On June 12, 2015, counsel entered an appearance on behalf of Aetna. (ECF No. 3.) Counsel on behalf of the Kelly Defendants entered an appearance three days later. (ECF No. 4.) On July 13, 2015 the Kelly Defendants filed a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e). (ECF No. 5.) On July 22, 2015, Defendant Aetna filed a Motion to Dismiss for failure to state a claim. (ECF No. 6.) Plaintiffs filed a Motion for Leave to File Amended Complaint on August 3, 2015. (ECF No. 8.) With that Motion, Plaintiffs filed a Memorandum of Law in Support of Motion for Leave to File Amended Complaint, which contained a Motion for Remand. (ECF No. 9.) On August 6, 2015, Plaintiffs filed a Praecipe to Attach Certain Documents of Record to their Memorandum of Law in Support of their Motion for Leave to File Amended Complaint. (ECF No. 10.) On August 10, 2015, Defendant Aetna filed a "letter brief in reply to Plaintiffs' Opposition, and in further support of Aetna's Motion to Dismiss." (ECF No. 11.) On August 14, 2015, the Kelly Defendants filed an Opposition to Plaintiffs' Motion for Leave to File Amended Complaint. (ECF No. 12.)

## II. DISCUSSION

In their Memorandum of Law in Support of Motion for Leave to File Amended Complaint, Plaintiffs argue that the Court lacks subject matter jurisdiction over their claim and

assert that their filing may most prudently be considered a motion for remand.  (Pls.' Leave Mem. 1.)  In support of their position, Plaintiffs contend that their state law claims are not preempted by ERISA because they are not accusing Defendants of breaching the terms of the WPACES Plan.  (*Id.* at 3.)  Plaintiffs further contend that remand is necessary because Aetna did not file a removal petition or a consent to removal within 30 days of being served with the Complaint.  (Pls.' Leave Mem. 3.)

### A. Subject Matter Jurisdiction

Federal question jurisdiction exists only when an issue of federal law appears on the face of a plaintiff's "well-pleaded complaint."  *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001).  However, the well-pleaded complaint rule is not absolute—where Congress has so substantially dominated a particular area of law, "any suit brought in that area is deemed federal in character," and is considered to arise under federal law.  *Poindexter v. Miller*, No. 09-107, 2010 WL 1009695, at *2 (W.D. Pa. Mar. 16, 2010).  "[T]he ERISA civil enforcement mechanism [§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)] is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66 (1987)).  The civil enforcement provision provides that a participant or beneficiary of an ERISA-regulated plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

As the Third Circuit has noted, however, "[i]t is important to distinguish complete preemption under section 502(a) of ERISA, which is used in this sense as a jurisdictional

concept, from express preemption under section 514(a) of ERISA, which is a substantive concept governing the applicable law." *In re U.S. Healthcare, Inc.,* 193 F.3d 151, 160 (3d Cir. 1999) (citing *In Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 171-72 (3d Cir. 1997)).  State law claims that are subject to express preemption are displaced and subject to dismissal but they are not subject to removal.  As the Court in *Poindexter v. Miller* explained, ERISA preempts any state law claims regarding an employee benefit plan under § 514(a).  2010 WL 1009695, at *2.  However, federal removal jurisdiction of a state law claim involving an employee benefit plan is appropriate only when a beneficiary could have brought an action under the civil enforcement provision of ERISA § 502(a)(1)(B).  *Id.*  Only state law claims seeking "'to recover benefits due [] under the terms of [a] plan, to enforce [] rights under the terms of [a] plan, or to clarify [] rights to future benefits under the terms of [a] plan'" are subject to federal removal jurisdiction." *Id.* at *3 (quoting 29 U.S.C. § 1132(a)(1)(B)).  Therefore, if Plaintiffs' claims do not fall within the scope of ERISA's civil enforcement provision, then they are not completely preempted, and the Court would lack removal jurisdiction.

Plaintiffs contend that they could not have brought their claims under ERISA § 502(a)(1)(B) because they are not alleging a breach of the WPACES or J&J Plan provisions. (*See* Pls.' Leave Mem. 3.)  Furthermore, they argue that "there is no chance that subject matter jurisdiction would attach to any claims . . . against WPACES or the Kelly defendants" (*Id.* at 2), presumably because they were not plan fiduciaries.[2]

Defendant Aetna alleges that "Plaintiffs' state law claims for violation of the UIPA, 40 P.S. §1171.1 et seq. and bad faith are based on the allegation that Aetna failed to pay certain,

---

[2] A fiduciary is a person who "(i) . . . exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) . . . has any discretionary authority or discretionary responsibility in the administration of such plan."  29 U.S.C. § 1002(21)(A).

5

unidentified medical bills," and are therefore completely preempted by ERISA.  (Aetna Mot. to Dismiss Br. 8.)  All Defendants appear to contend that because Plaintiffs allege that a breach of "'fiduciary and/or contractual and/or professional duties/responsibilities to plaintiffs'" caused them "'losses in the form of unpaid medical bills, denial of coverage, bad credit and related damages,'" Plaintiffs are seeking to recover benefits due to them under one of the Plans.  (Aetna Letter Br. 1 (quoting Plaintiffs' state court complaint); *see also* Kelly Opp. Mem. 7.)

Even though Plaintiffs' alleged damages are in the form of medical expenses, Defendants have not met their burden in proving that Plaintiffs' claims arise exclusively under ERISA.  *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 401 (3d Cir. 2004), *as amended* (Dec. 23, 2004) ("[T]he party seeking removal, [bears] the burden of proving that the [] claim is an ERISA claim."); *see also Landman v. Borough of Bristol*, 896 F. Supp. 406, 408 (E.D. Pa. 1995) ("Removal statutes are an infringement on the power of the states and must be strictly construed in favor of state court jurisdiction . . . . Doubts concerning questionable removal procedure should be resolved in favor of remand.") (citations omitted).

Here, Plaintiffs do not assert that Aetna failed to pay medical bills according to the terms of the Plans.  (*See* Pls.' Leave Mem. 3 ("[P]laintiffs simply lack any evidence that [t]he medical bills in question were not paid due to a failure by Aetna to honor its contractual obligations.").)  Therefore, they are not directly challenging coverage denials or seeking to clarify Plan benefits.  What they contend is that payment should not have been made under the WPACES Plan because Kerri Fitzsimmons timely removed herself as a WPACES Plan beneficiary.  Although Plaintiffs' claims may be unartfully worded so as to implicate a challenge to health plan coverage determinations, the Supreme Court has held that the labels attached to claims are of little use in determining ERISA's preemptive force.  *Davila*, 542 U.S. at 214 ("[D]istinguishing between pre-

empted and non-pre-empted claims based on the particular label affixed to them would . . . allow parties to evade the pre-emptive scope of ERISA simply by relabeling [] contract claims as claims for tortious breach of contracts."). Furthermore, even if Defendants are plan fiduciaries, it is not claimed that they abused their fiduciary discretion in making Plaintiffs' coverage determinations.

In short, this is a negligence and/or third-party beneficiary breach of contract lawsuit that touches ERISA only insofar as Defendants allegedly caused Plaintiffs' damages in the form of medical expenses when they failed to terminate Kerri Fitzsimmons' WPACES Plan coverage. Plaintiffs have not alleged a denial of benefits due under the Plan, nor have they filed this suit to enforce or recover specific Plan benefits. Therefore, Plaintiffs' state law claims are not completely preempted by ERISA and this Court lacks removal jurisdiction. *See, e.g., Poindexter*, 2010 WL 1009695 at *6-7 (rejecting the defendant's claim that unpaid benefits resulting from negligently processing a spousal consent form in connection with an ERISA pension plan was preempted under § 502(a)(1)(B)). Whether Plaintiffs' allegations actually yield a viable negligence and/or contract suit is a question for the Pennsylvania courts to answer.[3]

    **B.**    **Timeliness of Removal**

Even if Plaintiffs' claims were preempted by ERISA, remand would be required, because not all Defendants in this case filed for timely removal of the action. Removal of an action from state court to federal court is governed by 28 U.S.C. § 1446. "The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant . . . a copy of the initial

---

[3] Plaintiffs are seeking a total judgment of $12,000 against Defendants. (Compl.) Therefore, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because the amount in controversy does not exceed the statutory $75,000 minimum requirement.

7

pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).  "Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).  "In sum, for removal to be allowed under 28 U.S.C. § 1446, *each* defendant must file its own timely removal petition or file its own timely statement consenting to removal by a co-defendant." *Landman*, 896 F. Supp. at 409 (emphasis added).  "Removal statutes are to be strictly construed, and all doubts are resolved in favor of remand." *Morganti v. Armstrong Blum Mfg. Co.*, No. 00-6343, 2001 WL 283135, at *1 (E.D. Pa. Mar. 19, 2001).

      Plaintiffs' Complaint was served on Aetna on March 16, 2015.  (Magisterial Court Docket, Removal Pet. Ex. B.)  Although it is not clear when the Kelly Defendants were actually served, Notice of Intent to Defend was filed by Timothy Kelly on May 15, 2015.[4]  (*Id.*)  On June 11, 2015, the Kelly Defendants filed Notice of Removal in this Court.  Neither Aetna representatives, nor its counsel signed the Petition.  On June 12, 2015, counsel for Aetna entered an appearance with this Court.  On July 22, 2015, some 89 days after being served with the Complaint and approximately 60 days after the removing Defendants had been served, Aetna filed its Motion to Dismiss for failure to state a claim.  To this date, Aetna has not filed consent to removal or explicitly joined in the Removal Petition.  Accordingly, removal is improper and the case must be remanded to state court.  *See, e.g., Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 451 (E.D. Pa. 2004) (holding that despite "evidence that there had been a meeting of the minds on the removal petition . . . [F]ailure to file an official notice with the court makes the

---

[4] Plaintiffs contend that they received a Notice in error on April 7, 2015, advising them that Timothy Kelly had been served.  (Praecipe to Attach ¶ 5.)  Plaintiffs believe that the Notice was intended to inform them that Aetna had been served.  (*Id.* at ¶ 6.)  They allege several facts to support this contention.  (*See id.* at n.2.)  We note that the Magisterial Court docket reflects that Aetna had been served prior to April 7, 2015.

removal procedure defective"); *Morganti*, 2001 WL 283135, at *2-3 (E.D. Pa. Mar. 19, 2001) (holding that "filing an entry of appearance fails to constitute consent" and that consent filed after the 30 day removal has expired is a "fundamental defect" that the court is "without authority" to cure); *Landman*, 896 F. Supp. at 409 ("All co-defendants must unambiguously consent to removal within the statutory 30 day period after receipt of the initial pleading, through service or otherwise" (citing *Collins v. American Red Cross,* 724 F. Supp. 353, 359 (E.D. Pa. 1989)); *Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Pa. 1994) (reasoning that even if "the filing of a motion to dismiss in federal court is sufficient to constitute consent to removal, any consent possibly inferred therefrom [is] nevertheless untimely" if it is outside the 30 day limitation).

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand will be granted, and the matter will be remanded to the Montgomery County, Pennsylvania Magisterial District Court.  The remaining Motions will be dismissed as moot.[5]

An appropriate Order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK,  J.**

---

[5] We have concluded that this Court is without subject matter jurisdiction and that Defendant Aetna did not consent to removal from state to federal court within the 30 day statutory limitation.  Accordingly, we need not reach the merits of the Kelly Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), Defendant Aetna, Inc.'s Motion to Dismiss for failure to state a claim, or Plaintiffs' Motion for Leave to File Amended Complaint.